Filed 12/12/25  P. v. Banks CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY BANKS,<br><br>    Defendant and Appellant. | B342620<br><br>(Los Angeles County<br>Super. Ct. No. TA057015-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Rodney Banks's petition for resentencing filed under Penal Code[1] section 1172.6. We affirm.

On April 13, 2001, a jury found Banks guilty of multiple offenses, including premeditated and deliberate attempted murder in violation of sections 664 and 187, subdivision (a). The jury also found true that in committing the offense Banks personally used a deadly weapon, a knife, in violation of section 12022, subdivision (b)(1). On May 14, 2001, Banks was sentenced to life plus 10 years eight months in prison. This sentence consisted of life in prison for the attempted murder, one year for the deadly weapon enhancement, and nine years eight months for the other offenses. We affirmed the judgment of conviction. (*People v. Banks* (June 14, 2002, B150656) [nonpub. opn.].)

On April 12, 2024, Banks filed a form petition for resentencing pursuant to section 1172.6. The trial court appointed counsel on his behalf. The People filed a written response with the jury instructions and verdicts attached as exhibits. They argued Banks was ineligible for relief because the jury was not instructed on the natural and probable consequences doctrine; he was prosecuted and convicted as the actual perpetrator who harbored actual malice. On November 12, 2024, the trial court found Banks had failed to state a prima facie case for relief and the court denied the petition. Banks filed a timely notice of appeal.

---

[1]     Undesignated statutory references are to the Penal Code.

2

We appointed counsel to represent Banks on appeal. On October 3, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Banks he could file his own supplemental brief within 30 days and sent him transcripts of the record on appeal as well as a copy of the brief.

On October 3, 2025, this court sent Banks notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On November 10, 2025, Banks filed a supplemental brief. He contends he was convicted under the natural and probable consequences theory of liability. He also argues the enhancement for use of a deadly weapon found true by the jury should be dismissed because it violates the Racial Justice Act (RJA), section 745, subdivision (a) and so the one-year term in his sentence should be vacated; and an amended abstract of judgment should be forwarded to the California Department of Corrections and Rehabilitation.

For context only, we recite the facts of the prosecution as set forth in our affirmance of the judgment of conviction. Banks and Clara Johnson had a relationship from 1994 to 1997. They broke up. In November 1999, Banks called Johnson to tell her he had left a message for her on the porch. Two hours later, the front porch was set on fire.

Around midnight on August 5, 2000, the front porch and the area near the bedroom window of Johnson's home were set on fire. A neighbor was able to extinguish the blaze. While Johnson waited for the fire investigator, she saw Banks hop over the gate

and come towards her holding an open foldout knife which she recognized. He said, "I'm going to kill you." He said it again as she stabbed her in the chest, puncturing her lung. He stabbed her again as she tried to flee. Johnson escaped when the father of her children fought Banks off with a stick.

When the police arrived at about 1:30 a.m., Johnson told them Banks had stabbed her. Police observed wounds on her left arm and breast and profuse bleeding from her head. Johnson was taken to the hospital where she was treated for two weeks.

Police searched the area and discovered Banks lying on the floor in Johnson's bedroom with a foldout knife in his pocket. Bloodstains on the knife genetically matched the victim.

## DISCUSSION

As relevant here, Senate Bill No. 1437 amended the felony murder rule and the natural and probable consequences doctrine, as they relate to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation was later amended by Senate Bill No. 775 (2020–2021 Reg. Sess.) to afford relief for defendants convicted of "attempted murder under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2.) Section 1172.6 established a procedure by which defendants may seek resentencing if they can show they could not now be convicted of the crime after the passage of the new legislation.

We reject Banks's arguments. First, the record reflects Banks was not prosecuted under the natural and probable consequences theory of liability. The jury was instructed it had

4

to find Banks harbored actual malice when he attacked Johnson in order to be convicted of attempted murder. He is therefore ineligible for resentencing on that ground. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Second, a section 1172.6 petition is not a vehicle to challenge enhancements or to vacate sentences imposed for offenses not addressed by Senate Bill Nos. 1437 and 775. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a resentencing petition does not afford petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings].)

Third, Banks has failed to carry his burden under the RJA. The RJA was passed to eliminate racial bias from California's criminal justice system and to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing. (Stats. 2020, ch. 317, § 2, subd. (i).) To that end, the RJA prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining, or imposing a sentence, on the basis of race, ethnicity, or national origin. (§ 745, subd. (a); *People v. Wilson* (2024) 16 Cal.5th 874, 944–945.) In his supplemental brief, Banks includes a one-sentence, factually unsupported allegation asserting a violation of the RJA. This is insufficient to invoke the provisions of the RJA. (*People v. Howard* (2024) 104 Cal.App.5th 625, 650 [among other things, a defendant must state fully and with particularity the facts on which RJA relief is sought].)

Finally, because we find no error, there is no reason to direct the trial court to forward an amended abstract of judgment to the California Department of Corrections and Rehabilitation.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.